IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,      )
                                       )
                    Plaintiff,      )
                                       )
vs.                               )      Case No. 05-CR-30178-MJR
                                       )
CAMERON CHRISTOPHER REENTS,   )
                                     )
                  Defendant.    )

## MEMORANDUM and ORDER

REAGAN, District Judge:

In September 2006, following a hearing as provided in 18 U.S.C. § 4241 and § 4247, the undersigned District Judge (a) found Defendant Reents not competent to proceed to trial and (b) committed him to the custody of the United States Attorney General for hospitalization, treatment and evaluation in a suitable facility, for a reasonable period of time, as needed to determine whether a substantial probability existed that, in the foreseeable future, Reents would attain the capacity to permit trial to proceed.  Hospitalization, treatment and evaluation followed. In August 2007, a second/supplemental forensic report indicated that Reents' mental condition had not sufficiently improved to permit trial to proceed, and it was not likely to improve in the foreseeable future.

On November 30, 2007, a hearing was held pursuant to 18 U.S.C. § 4241(d). Counsel of record were present in open court, as was Defendant Reents.  Based on the forensic reports received and reviewed, the representations of counsel, and the undersigned Judge's own observation of and discussions directly with Defendant Reents, the Court **FINDS** that Reents' mental condition has <u>not</u> so improved as to permit trial to proceed.  In accord with § 4241(d), the Court **FURTHER FINDS** Defendants Reents now "subject to the provisions of section 4246."

Accordingly, Defendant Reents is hereby **COMMITTED** to the custody of the United States Attorney General pending resolution of proceedings under 18 U.S.C. § 4246. That process begins with certifications which must be made by the director of the facility in which Reents currently is hospitalized. More specifically, § 4246(a) provides that the director of the medical/hospital facility must certify whether the Defendant "is presently suffering from a mental disease or defect as a result of which is release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available." That certification is to be transmitted "to the clerk of the court for **the district in which the person is <u>confined</u>**." **18 U.S.C. § 4246(a)**, *emphasis added. See also U.S. v. Lapi*, **458 F.3d 555, 562-63 (7ᵗʰ Cir. 2006).**

The undersigned Judge **DIRECTS** defense counsel to promptly provide a copy of this Order to appropriate personnel at FMC-Springfield (the facility in which Defendant Reents currently is confined) and to notify Judge Reagan's law clerk when that has been accomplished, so that a notation may be made in the cm/ecf docket.

Finally, the Court notes that the Speedy Trial Act **EXCLUDES** all time resulting from Reents' incompetence to proceed and from related proceedings, including the certification process to be undertaken via § 4246. *See* **18 U.S.C. § 3161(h)(4).**

IT IS SO ORDERED.

DATED this 10th day of December 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Judge